UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROL A. LEVI, an individual,<br><br>                Plaintiff,<br>  vs.<br><br>GRANT COUNTY PUBLIC<br>HOSPITAL DISTRICT # 2 d/b/a<br>QUINCY VALLEY MEDICAL<br>CENTER, a municipal corporation,<br><br>                Defendant. | No. CV-04-0230-JLQ<br><br>ORDER DISMISSING PLAINTIFF'S FEDERAL CLAIM, DECLINING SUPPLEMENTAL JURISDICTION AND REMANDING TO **GRANT COUNTY SUPERIOR COURT**<br><br>(Grant County Case # 04-2-000656-9) |

BEFORE THE COURT is Defendant's Motion for Summary Judgment (Ct. Rec. 27). A telephonic hearing was held on the motion on April 27, 2005. Plaintiff was represented by **Devin Poulson**. Defendant was represented by **Katheryn Bradley**.

Defendant moves for summary judgment arguing that Plaintiff was an at-will employee and thus Defendant was entitled to terminate her with or without cause and at any time. Plaintiff argues that she had an agreement to work on a 'per diem' basis and could not be required to take prescheduled on-call shifts. She argues that her termination for failure to sign up violated public policy and was a breach of a specific promise that on-call shifts would be voluntary.

PROCEDURAL HISTORY

Plaintiff's "Complaint for Wrongful Discharge" was originally filed in Grant County Superior Court and served on Defendants on June 3, 2004. Defendants removed the matter to federal court on July 1, 2004. A scheduling conference was held by this court and a March, 2005, dispositive motion deadline and June, 2005, non-jury trial date were set. The parties have fully briefed the summary judgment issues and are prepared to argue the merits of the state and federal claims.

ORDER - 1

# DISCUSSION

**I. Fair Labor Standards Act**

This case was removed on the basis of federal question jurisdiction under 28 U.S.C. § 1331. Federal question jurisdiction stems from Plaintiff's Fair Labor Standards Act claim. The only mentions of this federal statute in the Complaint are ¶ 18 ("Defendant violated the Fair Labor Standards Act.") and two citations to the damages provision of the FLSA, 29 U.S.C. § 216. The other seven causes of action listed in the complaint are based on state law.

Upon review of the summary judgment briefing, it is clear that Plaintiff cannot maintain a claim under the FLSA. Plaintiff initially brought this action in state court, which was and remains the appropriate forum. Plaintiff's claim is essentially a state contract claim. Determination of the issue requires evaluation of Washington state's policy of 'at-will' employment and whether that policy can be modified by oral agreement or written documents issued by the employer. Plaintiff's claim of wrongful discharge in violation of public policy requires a determination of whether a state statute contains a clear statement of public policy. These issues belong in state court.

The parties have not substantively argued the FLSA claim in their briefing or cited specific language from the FLSA. However, even absent much discussion, it is clear that Plaintiff cannot state a claim under the FLSA. The FLSA was enacted in 1938 and established federal standards for wages and hours, including overtime and setting a minimum wage in certain industries. See *Watkins v. Ameripride Services*, 375 F.3d 821 (9th Cir. 2004). The FLSA set a standard work week of 40 hours and provided that an employer who required employees to work in excess of 40 hours compensate those employees for the excess hours at a rate of one and one half their regular rate of pay. *Id.*; *Clark v. United Emergency Animal Clinic*, 390 F.3d 1124, 1125 (9th Cir. 2004).

At argument, Plaintiff did not dispute her inability to maintain a FLSA claim. In the summary judgment briefing and supporting documents, Plaintiff does not argue that she was inadequately paid for overtime hours. Plaintiff does not claim that there were

any hours worked at the hospital for which she was not compensated. (Levi depo. p. 105). In fact, Plaintiff did not work any on-call time because she refused to sign up for prescheduled on-call time. (Levi depo. p. 73). Additionally, Plaintiff's deposition testimony indicates that she was compensated above and beyond the time and a half required by the FLSA for overtime hours. Plaintiff was asked: "Q: Okay. And I think you testified earlier that you also received double time for extra shifts in addition to the 36 hours that you normally worked?  A: "Yes."" (Levi depo. p. 90).

In the summary judgment briefing, Plaintiff claims the FLSA was violated because she was not compensated for paid time off. This argument is untenable. The record is clear that Plaintiff negotiated with human resources to exchange her benefits and paid time off for a higher salary. Plaintiff was asked at her deposition: "And if I understood correctly from your testimony this morning, you got an increase from the pay scale because you didn't receive benefits and PTO. Is that correct?" to which Plaintiff responded, "Yes." (Levi depo. p. 88). This was followed up with: "And the 16 percent increase reflected your negotiations with Alene Adams and Ellen Clifton about wanting to increase your hourly rate in exchange for not receiving insurance benefits and paid time off; is" to which Plaintiff interrupted and responded "Yes". (Levi depo. p. 89).

Accordingly, Plaintiff has no claim for relief under the FLSA and that claim is **DISMISSED with prejudice.**

## II. Supplemental Jurisdiction

With the dismissal of the only federal claim, this court has discretion to decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c). Although the exercise of supplemental jurisdiction is within this court's discretion, federal appellate courts have provided guidance on the preferred course of action. See *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)("Certainly, if the [plaintiff's] federal claims are dismissed before trial, . . . the state claims should be dismissed as well"); *Allen v. City of Los Angeles*, 92 F.3d 842, 845 (9th Cir. 1996)("In the ususal case where all federal claims are resolved, a district court should decline

jurisdiction over the remaining state law claims"). This court, in accordance with its long-standing policy and guidance from the appellate courts, declines to exercise supplemental jurisdiction over the remaining state law claims.

**IT IS HEREBY ORDERED**:

1. Defendant's Motion for Summary Judgment (Ct. Rec. 27) is **GRANTED IN PART AND DENIED IN PART**. The Motion is granted only to the extent it seeks dismissal of the federal Fair Labor Standards Act claim. The Clerk of the court **shall enter Judgment of dismissal with prejudice** as to Plaintiff's Fair Labor Standards Act claim.

2. Plaintiff's remaining seven state law based causes of action are **REMANDED** to Grant County Superior Court. Grant County Superior Court is advised that the parties have fully briefed the issues for summary judgment and that both parties are ready to proceed to argument and a prompt trial date.

3. The Clerk of the court shall mail a certified copy of this Order and a hard copy of all pleadings herein to the clerk of the Grant County Superior Court.

**IT IS SO ORDERED**. The Clerk is hereby directed to enter this Order, enter judgment of dismissal of the Fair Labor Standards Act claim, furnish copies to counsel, furnish a copy of this Order and hard copies of all pleadings herein to the Clerk of Grant County Superior Court referencing Grant County Case # 04-2-000656-9, and close the file.

DATED this 28th day of April, 2005.

s/ Justin L. Quackenbush
JUSTIN L. QUACKENBUSH
SENIOR UNITED STATES DISTRICT JUDGE